**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CNL HOTELS & RESORTS, INC.,**

**Plaintiff,**

-vs-                                                                 Case No.  6:06-cv-324-Orl-31JGG

**TWIN CITY FIRE INSURANCE COMPANY,**
**HOUSTON CASUALTY COMPANY, and**
**LANDMARK AMERICAN INSURANCE**
**COMPANY,**

**Defendants.**

# ORDER

This matter comes before the Court on the Motion to Dismiss Amended Complaint and/or Motion to Sever and Stay (Doc. 58) filed by Defendant Twin City Fire Insurance Company ("Twin City"), and the response (Doc. 61) filed by the Plaintiff, CNL Hotels & Resorts, Inc. ("CNL").

**I.     Background**

CNL, a Maryland real estate investment trust, initiated the instant action on March 13, 2006, filing a four-count complaint (Doc. 1), arguing in essence that the Defendants were obligated, pursuant to liability policies they had issued to CNL, to provide indemnification in regard to a then-ongoing securities class action case.  (Doc. 1 at 14).  CNL sought a declaratory judgment, recovery for anticipated and actual contractual breaches, and attorney's fees.  On June 30, 2006, CNL sought leave to file an amended complaint.  (Doc. 51).  The Defendants objected (Doc. 55), but the Court granted the motion, ruling that the Defendants could raise their objections by way of a subsequent dispositive motion.  (Doc. 56).

On July 20, 2006, CNL filed its amended complaint (Doc. 57). In addition to its previous coverage-related counts, CNL added two claims sounding in bad faith: a claim that Twin City breached the implied covenant of good faith and fair dealing (Count IV) and a claim that Twin City violated Florida Statute § 624.155 by not attempting to settle CNL's claim in good faith (Count V).

## II.     Standards

A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957. In evaluating a motion to dismiss a complaint, the court must accept all the alleged facts as true, and draw all inferences from those facts in the light most favorable to the plaintiff. *See, e.g., Cruz v. Beto*, 405 U.S. 319 (1972. The court, however, does not generally accept as true conclusory allegations. *South Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n. 10 (11th Cir. 1996).

## III.    Analysis

Under Florida law, it is inappropriate to litigate a bad faith claim against an insurer until after any underlying coverage dispute is resolved.

> If there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim. Similarly, if there is no coverage, then the insured would suffer no damages resulting from its insurer's unfair settlement practices. In addition, the carrier would clearly be prejudiced by having to litigate either a bad faith claim or an unfair settlement practices claim in tandem with a coverage claim because the evidence used to prove either bad faith or unfair practices could well jaundice the jury's view of the coverage issue.

*OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc.*, 898 So.2d 113, 115 (Fla. 5th DCA 2005).

Along the same lines, the Florida Supreme Court has held that a bad faith complaint fails to state a claim where it does not contain an allegation that there has already been a determination in the insured's favor as to coverage and its damages – although the determination does not necessarily have to be made at a trial or an arbitration. *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270 (Fla. 2000) (concluding that insurer's payment of policy limits served as determination of insured's damages). Where coverage and bad faith claims are initiated simultaneously, the Florida Supreme Court has held that courts should employ tools such as abatement of actions and in-camera inspection to insure full and fair discovery without prejudicing the insurer. *Allstate Indem. Co. v. Ruiz*, 899 So.2d 1121, 1130 (Fla. 2005).

CNL raises a number of arguments as to why this Court should address the coverage and bad faith issues simultaneously. CNL contends that bifurcation is unwarranted because Twin City has not shown a likelihood of prejudice (Doc. 61 at 9-11), but the case law cited above is clearly to the contrary. Similarly, CNL's contention that it, rather than Twin City, will suffer prejudice if the claims are bifurcated (Doc. 61 at 19-20), lacks specifics and is not persuasive. The harms that CNL predicts it may suffer – increased expense, hampered discovery due to loss of evidence, etc. – are no different than the potential harms faced by the plaintiff in every such coverage/bad faith case. Despite this, Florida courts have uniformly held that coverage and bad faith claims should be bifurcated.

CNL argues that its covenant of good faith and fair dealing claim is not predicated on a determination of coverage and therefore it need not be bifurcated until the coverage issue is resolved. (Doc. 61 at 11-13). But that is a difference without distinction. The same rationale applies to the implied covenant claim as to the statutory bad faith claim: If there is no coverage,

then there is no bad faith in refusing to settle. *See OneBeacon Ins. Co.*, 898 So.2d at 115. CNL points out that Twin City has made paid substantial sums toward its defense costs and argues that, as a result, coverage has already been determined in its favor, as in the *Vest* case. (Doc. 61 at 13-14). But CNL admits in the Amended Complaint that Twin City made that payment under a reservation of rights and with the ability to seek recoupment. (Doc. 57 at 21). Payment under such circumstances is not the equivalent of the policy-limits payment in *Vest*.

Florida law does not recognize a common law first-party bad faith action.[1] *Ruiz*, 899 So. 2d at 1125. As such, Twin City argues that CNL's claim for breach of the implied covenant of good faith and fair dealing (Count IV) should be dismissed. CNL responds that Count IV should be construed as a third-party claim because of the amount of control Twin City could exercise over the class-action litigation pursuant to the terms of the insurance contract. (Doc. 61 at 5-8). The Court will defer resolution of this issue until the underlying coverage issue is resolved.

---

[1] In a third-party bad faith claim, the insured sues the insurer for actions – such as a refusal to settle with a third party – that expose the insured to liability beyond the policy limits. *Ruiz,* 899 So.2d at 1125. In a first-party claim, the insured sues the insurer for the wrongful processing or denial of its own claim. *Id.* The insured's dependence on the insurer in the settlement context led Florida courts to recognize a duty of good faith (and a corresponding right of action) in situations where the insured was dealing with third parties. *Id.* No such duty or right of action exists in dealings solely between the insured and the insurer. *Id.* at 1126.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss Amended Complaint and/or Motion to Sever and Stay (Doc. 58) filed by Defendant Twin City Fire Insurance Company is **GRANTED IN PART** and **DENIED IN PART**. Counts IV and V of the Amended Complaint are hereby **STAYED** pending resolution of the coverage claim. In all other respects, the motion is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 16, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party