**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CNL HOTELS & RESORTS, INC.,**

**Plaintiff,**

-vs-                                                                                       Case No. 6:06-cv-324-Orl-31JGG

**HOUSTON CASUALTY COMPANY, and**
**LANDMARK AMERICAN INSURANCE**
**COMPANY,**

**Defendants.**

## ORDER

This matter comes before the Court on the Motion for Partial Summary Judgment For Failure to File Policy Form and Endorsements (Doc. 176) filed by the Plaintiff, CNL Hotels & Resorts, Inc. ("CNL"), and the responses filed by Defendant Houston Casualty Company ("HCC") (Doc. 207) and Defendant Landmark American Insurance Company ("Landmark") (Doc. 208).

**I.    Background**

In August and September 2004, two class action suits were filed against CNL. Those suits were subsequently consolidated in a class action styled *In re CNL Hotels & Resorts, Inc.*, Case No. 6:04-cv-1231-Orl-31KRS (the "Class Action"). After protracted litigation, CNL settled the Class Action. This Court approved the settlement and closed the Class Action in August, 2006.

In the instant case, CNL seeks to recover the sums it paid to the settle the Class Action under three liability insurance policies: a $10 million directors, officers and company liability policy sold by Twin City Fire Insurance Company ("Twin City"), and two excess liability policies

issued by HCC and Landmark, each also in the amount of $10 million.  (Doc. 57 at 2).  On January 22, 2007 CNL dismissed its claims against Twin City pursuant to a settlement.  (Doc. 164).

## II.     Standards

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c).  Which facts are material depends on the substantive law applicable to the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party bears the burden of showing that no genuine issue of material fact exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted).  Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial.  *Id.* at 322, 324-25.  The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts.  *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party.  *Anderson*, 477 U.S. at 255.  The Court is not, however, required to accept all of the

non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

**III.     Analysis**

The Florida Insurance Code requires that certain insurance forms be approved by the Office of Insurance Regulation ("OIR") before they may be utilized in this state. More particularly, the Code provides, in pertinent part, that

> [n]o basic insurance policy ... shall be delivered or issued for delivery in this state, unless the form has been filed with the [OIR] by or on behalf of the insurer which proposes to use such form and has been approved by the [OIR]. This provision does not apply to surety bonds or to policies, riders, endorsements, or forms of unique character which are designed for and used with relation to insurance upon a particular subject (other than as to health insurance).

Fla. Stat. § 627.410(1). The document must be filed "not less than 30 days in advance of any such use or delivery", and if the OIR has not acted upon it within 30 days thereafter, the document is deemed approved. Fla. Stat. § 627.410(2). The failure to file and gain needed approval of an exclusionary endorsement renders it void; the insurer cannot use it to deny coverage to the policy holder.[1] *American Mut. Fire Ins. Co. v. Illingworth,* 213 So.2d 747, 749 (Fla. 2d DCA 1968) (interpreting predecessor statute). According to the *Illingworth* court, the primary purpose of the registration statute is protection of the public. *Id.* at 750.

CNL contends that Twin City failed to file its policy form and Endorsements 7, 10, 12, 17, 19, 25, and 26 with OIR before issuance of its policy (the "Twin City Policy"), rendering that policy language and those endorsements void. The remaining defendants issued excess liability

---

[1]Some jurisdictions merely impose a fine on the insurance company for its use of an unapproved form. *See*, *e.g.*, *F.D.I.C. v. American Cas. Co. of Reading, Pa.*, 975 F.2d 677 (10th Cir. 1992).

policies that "follow the form" of the Twin City Policy. For example, the policy issued by Landmark (the "Landmark Policy") provides, in pertinent part, that "this policy is subject to the same warranties, terms, conditions and exclusions and definitions as are contained in" the Twin City Policy. (Doc. 178-3 at 12.) And the policy issued by HCC (the "HCC Policy") provides that it is "subject to the same insuring clauses, definitions, terms, conditions, exclusions and other provisions" as those set forth in the Twin City Policy. *See also Admiral Ins. Co. v. Rockwell*, 515 So. 2d 246, 247 (Fla. 2d DCA 1987) ("In essence, a following form policy incorporates and adopts the conditions of the policy of insurance immediately preceding it."). CNL contends that because Twin City would have been precluded from enforcing its policy and the listed endorsements to deny coverage, HCC and Landmark cannot do so under their following form policies.[2]

It is not clear whether Twin City entirely failed to comply with the registration requirement. In response to (pre-settlement) requests for admission, Twin City did admit that Endorsements 7, 19, and 26 had not been filed with the OIR, and that the OIR had not approved them before issuance of the Twin City Policy. (Doc. 176-6 at 5-6, 11-12, 14-15). However, Twin City also averred that the "operative language" used in the policy "ha[d] been filed with and approved by" the OIR. (Doc. 176-6 at 3-4). And Twin City made similar "admissions" as to Endorsements 10, 12, 17, and 25 – i.e., that their "operative language" was on file with and approved by the OIR. (Doc. 176-6 at 6-10, 12-13). However, for purposes of resolving the instant

---

[2]Apparently the present controversy centers around Endorsement 17 of the Twin City Policy, which applies to a claim "alleging that the price or consideration paid or proposed to be paid in any transaction involving all or substantially all of the ownership interest in or assets of an entity is inadequate or excessive." According to the Defendants, enforcement of this endorsement would prevent CNL from recovering $5.5 million it paid to class members who alleged that CNL was drastically overpaying to acquire a particular entity.

motion, the Court will assume that Twin City did not satisfy the requirements of the registration statute as to its policy form or the listed endorsements (henceforth, the "Unfiled Forms").

In response, HCC and Landmark point to Florida Statute § 627.021(2)(e), which provides that Chapter 627 (including the registration statute, Fla. Stat. § 627.410) does not apply to surplus lines insurance "placed under the provisions of §§ 626.913-626.937" – the Surplus Lines Law. Both HCC and Landmark contend that they are surplus lines insurers, and that their policies were placed under the provisions of the Surplus Lines Law. (Doc. 207 at 7-9; Doc. 208 at 5-6). As such, the Defendants argue that, as a matter of law, they are exempt from the registration requirement, and any failure to register on Twin City's part is immaterial as to them.

The parties have not provided, and this Court's research has not uncovered, any precedent addressing the intersection of these two statutes. In this circumstance, the Court is required to make an educated guess as to how the Florida Supreme Court would resolve the issue. *See*, *e.g.*, *McMahan v. Toto*, 311 F.3d 1077, 1079-80 (11th Cir. 2002). What little guidance is available on this point comes from the *Illingworth* case, which held that the primary purpose of the registration statute was to protect the public. *Id.* at 750. However, at least with regard to surplus lines policies, the Florida Legislature has determined that this protection is not required. Based on the legislature's decision to exclude surplus lines insurers from the registration requirement, the Court holds that the penalty for failing to register should only be applied to the entity that had a duty to

do so – Twin City.³ *Cf. Illingworth* at 750 ("Since it was the failure of the appellant to have the endorsement approved, then the appellant's action must be construed strongly against appellant").

The Plaintiff attempts to rebut the Defendants' argument with a seemingly similar case from the United States Court of Appeals for the Sixth Circuit. In *Amway Distributors Benefits Assoc. v. Northfield Ins. Co.*, 323 F.3d 386, 393 (6th Cir. 2003), the court stated, in dicta, that an excess carrier with a following form policy ought to be bound by the primary insurer's failure to comply with the "renewal rule". The renewal rule required insurers to notify renewing policyholders of any reduction of coverage in the new policy, on pain of being bound to provide the broader coverage from the earlier policy. *Id.* In *Amway Distributors*, the insured had suffered a loss that would have been covered under the earlier primary policy but was not covered under the newer primary policy's more restrictive terms. *Id.* 389-90. The primary insurer had not notified the insured of the restriction in coverage. *Id.* at 390. The court stated that the "triangular relationship" between the insured, the primary carrier and the excess insurer presented "the classic problem of which one of two relatively 'innocent' parties must suffer when the 'wrongdoer' causes a loss." *Id.* The court found that, as between the insured and the excess carrier, the excess carrier was in a better position to "analyze unannounced changes in the underlying policy it had agreed to follow," and ought to be required to provide the greater coverage from the original policy. *Id.*⁴

---

³The Court also notes that, as a matter of contract interpretation, the remaining defendants agreed to be subject to the primary policy's terms and conditions rather than, for example, the primary insurer's restrictions on enforcement.

⁴The *Amway Distributors* court also suggested that the excess insurer would have a right to indemnification from the primary insurer. *Id.*

-6-

At least in regard to this motion, there is no allegation that Twin City or the remaining defendants tried to alter CNL's coverage without its knowledge.  CNL does not allege that it was unaware of any of the contractual terms it now seeks to render unenforceable.  In *Amway Distributors*, the primary carrier's neglect (failing to notify the insured of a reduction in coverage) was *prejudicial* to the insured.  Here, the primary carrier's alleged neglect (failing to file an exclusionary endorsement) works to the *benefit* of the insured, at least as to the primary policy.  The rationale of *Amway Distributors* is not applicable in this situation.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment For Failure to File Policy Form and Endorsements (Doc. 176) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 21, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party