**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CNL HOTELS & RESORTS, INC.,**

    **Plaintiff,**

-vs-                **Case No. 6:06-cv-324-Orl-31JGG**

**HOUSTON CASUALTY COMPANY,**

    **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Summary Judgment on Houston Casualty Company's Twenty-Third Affirmative Defense (Doc. 219) filed by the Plaintiff, CNL Hotels & Resorts, Inc. ("CNL"), and the response (Doc. 245) filed by Defendant Houston Casualty Company ("HCC").

**I. Background**

In August and September 2004, two class action suits were filed against CNL. Those suits were subsequently consolidated in a class action styled *In re CNL Hotels & Resorts, Inc.*, Case No. 6:04-cv-1231-Orl-31KRS (the "Class Action"). The plaintiffs in that case alleged that CNL violated the securities laws in connection with stock offerings and a proposed purchase of the company that advised it. CNL settled the Class Action by , among other things, agreeing to pay $35 million to the Purchaser Class plaintiffs and $5.5 million in attorneys' fees to the Proxy Class plaintiffs. This Court approved the settlement and closed the Class Action in August, 2006.

The original defendants in this action – HCC, Landmark, and Twin City Fire Insurance Company ("Twin City") – each provided $10 million in insurance coverage to CNL. Twin City was the primary insurer, followed by HCC, with Landmark in the "uppermost" excess position. In this suit, CNL seeks to recover the Class Action payments, plus $8.8 million in defense costs and claims expenses. (Doc. 88). Twin City settled with CNL and was dismissed from this case on January 23, 2007. (Doc. 167). On March 14, 2007, the Court concluded that CNL's $35 million payment was not a "loss" as that term had been used in the insurers' policies and was not insurable under applicable law. (Doc. 210 at 16). Because CNL's remaining claims could not exceed the $20 million threshold that would implicate Landmark's coverage, the suit was dismissed as to Landmark on April 26, 2007. (Doc. 250).

In its Twenty-Third Affirmative Defense, HCC contends that CNL's settlement of the Class Action was unreasonable. In the instant motion, CNL seeks summary judgment as to that contention.

**II.     Standards**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to

interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

**III.     Analysis**

When an insurer declines coverage, an insured may settle rather than proceed to trial to determine its legal liability. *Luria Bros. & Co., Inc. v. Alliance Assur. Co., Ltd.*, 780 F.2d 1082, 1091 (2d Cir. 1986).

> In order to recover the amount of the settlement from the insurer, the insured need not establish actual liability to the party with whom it has settled "so long as ... a potential liability on the facts known to the [insured is] shown to exist, culminating in a settlement in an amount reasonable in view of the size of possible recovery and degree of probability of claimant's success against [the insured]."

*Id.* (quoting *Damanti v. A/S Inger*, 314 F.2d 395, 397 (2d Cir. 1963), *cert. denied*, 375 U.S. 834, 84 S.Ct. 46, 11 L.Ed.2d 64 (1963)). HCC's Twenty-Third Affirmative Defense reads as follows:

"To the extent that the Insured entered into a settlement that was unreasonable, there is no coverage for the settlement under the HCC Excess Policy." (Doc. 59 at 19).

According to CNL, HCC cannot prevail on this affirmative defense without a showing that it was prejudiced by the settlement. (Doc. 219 at 9). CNL's legal theory is ludicrous. Obviously, prejudice is inherent in any insurer's contention that a settlement is unreasonably excessive. Tellingly, the cases cited by CNL do not even come close to standing for the proposition it now asserts. They address the issue of *unauthorized* settlements, not unreasonable ones. *See*, *e.g.*, *Harris Specialty Chemicals, Inc. v. U.S. Fire Ins. Co.*, 2000 WL 34533982 at *11 (M.D.Fla. July 7, 2000) (stating that "unauthorized settlement will not preclude coverage if the insurance company was not prejudiced"). Asserting that a settlement was made before the insurance company was notified regarding the underlying claim is a far cry from asserting that the settlement was extravagant.[1]

CNL's argument that there are no facts in the record that support the Twenty-Third Affirmative Defense is similarly misguided. Among other things HCC has provided expert testimony that market conditions (rather than CNL's alleged misrepresentations) caused the value of its share prices to drop. *(*Doc. 245-8 at 8). Such evidence could support a conclusion that CNL's settlement was unreasonably excessive. Thus, genuine issues of material fact preclude the entry of summary judgment on this issue.

---

[1] In addition, CNL cites to Florida cases regarding this proposition, and the Court has determined that New York law, not Florida law, governs the Twin City policy. (Doc. 210 at 8). CNL does not refer to New York law anywhere in its motion.

**IV.     Conclusion**

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion for Summary Judgment on Houston Casualty Company's Twenty-Third Affirmative Defense (Doc. 219) filed by the Plaintiff, CNL Hotels & Resorts, Inc., is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 4, 2007.

GREGORY A. PRESNELL<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party